IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA LOZANO, ) | |
| ) | Civil Action No. |
|    Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| IBRAHIM & RAO, LLP. ) | |
| IMMIGRATION AND NATIONALITY ) | |
| LAW, ) | |
| ) | |
|    Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jama Ibrahim ("Plaintiff"), and files this Complaint against Defendant Ibrahim & Rao, LLP Immigration and Nationality Law ("Defendant"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Georgia limited partnership and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant as a paralegal from on or about October 1, 2020 until November 22, 2022. Plaintiff also previously worked for Defendant as a paralegal from October 2016 to July 2020. From October 2016 – July 2020, Defendant treated Plaintiff as a W-2 employee, however, when Plaintiff returned to work in October 2020, Defendant began misclassifying Plaintiff as an independent contractor.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty was non-exempt work, specifically discretion lacking paralegal work.

9.

Throughout her December 2019 to July 2020 and October 2020 to November 2022 employment with Defendant, Plaintiff was paid on a salary basis, without overtime compensation, calculated at one and one half times her regular rate, for the hours she worked in excess of 40 in work weeks.

10.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

11.

While employed by Defendant from December 2019 to July 2020 and October 2020 to November 2022, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40 in workweeks.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

16.

Throughout Plaintiff's employment, Defendant misclassified Plaintiff as an independent contractor.

17.

Plaintiff worked continuously for Defendant for a lengthy period of time performing services that were at the core of Defendant's marketplace offerings. Defendant supervised Plaintiff's work and provided her with the work she performed.

18.

Plaintiff was paid a flat sum each week that did not vary based on the number of hours she worked.

## Count I

## Violations of the Fair Labor Standards Act.

19.

Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

21.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff to a three year statute of limitations.

23.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

24.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to

its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

### IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D)   Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 21st day of December, 2022.

              **BARRETT & FARAHANY**

              <u>/s/ V. Severin Roberts</u>
              V. Severin Roberts
              Georgia Bar No. 940504
              Attorney for Plaintiff

PO BOX 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com